In the Matter of the Probate of the Last Will and Testament of MYRA CLARK GAINES, Deceased.

JULIETTA PERKINS and Another, Appellants, v. WILLIAM H. WILDER and Others, Respondents.

*The Code of Civil Procedure has no extra-territorial force — principal and ancillary administration of an estate — personal assets, in a sister State, of a deceased resident of New York — a stay in New York will not affect proceedings in a sister State.*

The provisions of the Code of Civil Procedure relating to a stay of proceedings on an appeal have no extra-territorial force, and can affect only proceedings in the State of New York.

The administrations in different States of a single estate are, as a matter of jurisdiction, entirely independent, and it is a mere matter of comity that treats the administration of the domicile as principal and the others as ancillary.

The personal assets of a deceased resident of the State of New York, if in a sister State, are distributable under the laws of that State, and are solely under the control of its courts, and it is a question of judicial discretion resting with such courts as to whether such assets shall ever be transmitted to the State of New York.

Where the courts of a sister State are the dominant arbiters of the distribution of a fund of a decedent under their control, the stay given by the statute of the State of New York upon an appeal from a decree admitting to probate the

alleged will of such decedent does not deprive parties interested in such fund of the right to appeal to the tribunals of such sister State for a determination of their rights to such fund.

MOTION by Julietta Perkins, the proponent of an alleged holographic will, and by Marie P. Evans, both being opponents of an alleged nuncupative will, made pursuant to and on the return of an order to show cause made at the General Term of the second judicial department, dated May 18, 1894.

The order to show cause was as follows:

"On reading the annexed affidavit, and it appearing therefrom that the respondents, William H. Wilder, William W. Whitney, Zulime Summers, William W. Christmas, Rhoda B. Kennedy and James M. Christmas, by entering into a collusive agreement as alleged in the city of New Orleans, whereby, in violation of the stay of execution of the surrogate's decree, by appellants' appeal to this court, and in violation of the laws of this State regulating appeals, they caused the Supreme Court of Louisiana to modify its decree of November 20, 1893, authorizing and directing the execution of the said surrogate's decree as a final judgment, and the distribution of the estate of the decedent in the city of New Orleans, according to the provisions of the said nuncupative will, and that as it appears from said affidavit, it was done for the purpose of circumventing and defeating any judgment or decree of this court, reversing the decree of the said surrogate and for the further purpose of defeating, impairing, impeding or prejudicing the rights of the appellants in case of their recovery thereafter and in case of the reversal of said surrogate's decree; and it further appearing that by reason of the said modified decree of the said Supreme Court of Louisiana the said legatees have been paid their legacies, and that the residuum thereof has been distributed, or is about to be distributed, to the said respondents, William W. Whitney, Zulime Summers, William W. Christmas, Rhoda B. Kennedy and James M. Christmas; it is therefore,

"*Ordered*, that William H. Wilder, William W. Whitney, Zulime Summers, William W. Christmas, Rhoda B. Kennedy and James M. Christmas, respondents on the said appeal, show cause before a General Term of this court, appointed to be held at the Court House of Kings county in the city of Brooklyn on the third Monday of

June, 1894, at 10 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard:

" Why they have disregarded the stay secured to the appellants by their appeal, prohibiting the enforcement of the said surrogate's decree, by causing and collusively agreeing that the said decree during the pendency of this appeal might be executed and the provisions of the said nuncupative will carried into effect in violation of the appellate jurisdiction of this court, and the laws of the State regulating appeals.

" Why the said respondents, while parties in this court to this appeal, opposing the reversal of the said surrogate's decree, with others, combined and colluded to interfere with the jurisdiction of this court, and to violate the law of this State, enacted as safeguards to the rights of appellants, with the alleged purpose of rendering ineffectual the judgment of this court when rendered, and defeating the ultimate administration of the estate of the deceased, by the courts of her domicile, and with the view of defeating, impairing, impeding and prejudicing the rights and interests of the appellants in their effort to probate their will.

" Why respondents should not procure the revocation of the said modified decree of the Supreme Court of Louisiana, induced as it appears through their petition conjoined with others, and by their connivance, agreement and consent, fraudulently suppressing the facts relating to the status of the surrogate's decree in this State, and withholding the same from the said Supreme Court, knowing that the said decree was pending and undetermined in this court, and absolutely stayed, and the payment of the legacies thereunder and the distribution of the decedent's estate forbidden by law.

" Why respondents should not pay into this court the moneys they have received as legacies from the estate of the deceased, or as their shares in the distribution thereof by reason of the enforcement of the said surrogate's decree, under and by virtue of the provisions of the said nuncupative will or otherwise have received, since the perfecting of the appellants' appeal, to remain and abide until the termination thereof, and until the further order of this court.

" Why, in case the said estate is not all paid out and distributed, the said respondents should not be stayed from the further participation in the payment or receipt of the said legacies men-

tioned in the said will, or the enforcement and carrying out of the said modified decree, or the further distribution of the said estate.

"Why, in case the respondents fail to excuse themselves and to comply with the order of this court, they should not be adjudged to be in contempt therefor, and, until purged therefrom, denied a further hearing on this appeal.

"Why the respondents should not make full and true answers, under oath, to all of the allegations of the said affidavit on the day fixed for the hearing of this motion, and to disclose fully the amount of money they and each of them have received from the said estate.

"Service of a copy of this order and annexed affidavit may be made on Wm. T. Gilbert, Esq., attorney for respondents William H. Wilder, William W. Whitney and Zulime Summers, and William T. Houston, Esq., attorney for respondents William W. Christmas, Rhoda B. Kennedy and James M. Christmas, and a personal service of such copy upon each of said respondents without the State shall be deemed notice of this motion."

The appeal in this case was by Julietta Perkins, the proponent of an alleged holographic will, together with Marie P. Evans, both as opponents of an alleged nuncupative will, from a decree of the Surrogate's Court of Kings county, entered in the office of the Kings County Surrogate's Court on the 25th day of June, 1891, admitting to probate such nuncupative will as the last will and testament of Myra Clark Gaines, deceased, and rejecting such holographic will.

*John A. Grow, W. W. Goodrich, Belva A. Lockwood* and *Isaac Sharp*, for the appellants.

*W. T. Houston*, for William W. Christmas and others, respondents.

*W. T. Gilbert*, for Wm. H. Wilder and others, respondents.

CULLEN, J.:

This is a motion made by the appellants at General Term to punish certain of the respondents for contempt. Mrs. Gaines died a citizen of New York, domiciled in the county of Kings. Proceedings were instituted in that county for the probate of her will, and

from a decree of the surrogate admitting the will to probate an appeal was taken to this court which is still pending before us. Substantially, the whole estate consisted of personalty in New Orleans, in the State of Louisiana. There had been litigation between the parties in that State which it is unnecessary to recite farther than to say that an alleged holographic will was there offered by appellants and rejected and an administrator appointed. After the appeal had been taken from the decree of the surrogate of Kings county, some of the respondents, whom it is now sought to punish for contempt, applied to the courts of Louisiana for the distribution of the fund held there in accordance with the terms of the will proved here, which application was granted. The others received their shares under the distribution, but did not make application for the distribution.

The affidavits presented on this motion and the opinion of the Supreme Court of Louisiana clearly show that that court knew the fact that an appeal was pending from the surrogate's decree and also the effect of such an appeal in staying proceedings. But even if it were shown that the Louisiana court had been imposed upon, we are at a loss to see how that imposition could be a contempt of this court. This application must rest solely on the effect of the statutory stay of proceedings given by section 2582 of the Code of Civil Procedure.

We think that the provisions of the Code can have no extra-territorial force and can affect only proceedings in this State. It is true that by control of the person of a party a court of this State may, by injunction, restrain his action in other jurisdictions, but this is not such a case. The assets distributed were in the State of Louisiana, and were, therefore, solely under the control of the courts of that State. The administrations in different States of a single estate are, as a matter of jurisdiction, entirely independent, and it is a mere matter of comity that treats the administration of the domicile as principal and the others as ancillary. (Williams on Executors, 363; Story on Conflict of Laws, §§ 513, 518; *Matter of Hughes*, 95 N. Y. 55.)

It was a question of judicial discretion whether the courts of Louisiana would ever transmit the fund to this State. (*Matter of Hughes, supra.*)

The tribunals of Louisiana being, therefore, the dominant arbiters of the distribution of a fund under their control, the stay given by the statute of this State did not deprive the respondents of the right to appeal to such tribunals for a determination of their rights to that fund.

The motion should be denied, with ten dollars costs and disbursements.

BROWN, P. J., and DYKMAN, J., concurred.

Motion denied, with ten dollars costs and disbursements.